OPINION
Scott A. Powers, defendant-appellant, appeals the June 23, 2000 judgment of the Franklin County Court of Common Pleas finding him guilty of burglary, in violation of R.C. 2911.12, a fourth-degree felony; theft, in violation of R.C. 2913.02, a fifth-degree felony; and receiving stolen property, in violation of R.C. 2913.51, a fifth-degree felony.
On November 28, 1999, Columbus Police Officers Jeff Vance and Mark Young were called to the residence of Wanda Cherry in Columbus, Ohio, pursuant to a burglary in process, home alarm dispatch. Upon arrival, the officers saw appellant leaving the front door of the residence carrying a wooden jewelry box. After a short chase and struggle, the officers arrested appellant. The wooden box was found to contain jewelry and several credit cards belonging to Cherry. On December 7, 1999, appellant was indicted on charges of burglary, in violation of R.C. 2911.12(A)(2), a second-degree felony; theft, in violation of R.C. 2913.02, a fifth-degree felony; and receiving stolen property, in violation of R.C.2913.51, a fifth-degree felony.
On June 15, 2000, a jury trial commenced. At the conclusion of the presentation of evidence, the court charged the jury with the elements of second-degree burglary under R.C. 2911.12(A)(2), as indicated in the indictment; however, the court did not define "occupied structure." During jury deliberations, the court stated that because the "occupied" element was not charged to the jury, if the jury returned a verdict on the burglary count, it would be a fourth-degree felony, not a second-degree felony. On June 20, 2000, the jury returned a verdict of guilty on all counts as alleged in the indictment. After the jury was discharged, the court amended the burglary charge in the indictment to a fourth-degree felony.
On June 23, 2000, the trial court issued its judgment finding appellant guilty of burglary, in violation of R.C. 2911.12(A)(4), a fourth-degree felony; theft, in violation of R.C. 2913.02, a fifth-degree felony; and receiving stolen property, in violation of R.C. 2913.51, a fifth-degree felony. Appellant was sentenced to serve a term of imprisonment of seventeen months for the burglary count, eleven months for the theft count, and eleven months for the receiving stolen property count. The court merged the theft and receiving stolen property counts and ordered the sentence thereon to run concurrently with the sentence on the burglary count. The court further ordered the burglary count to run consecutively with any parole revocation time. Appellant appeals the judgment of the trial court, asserting the following assignment of error:
 THE TRIAL COURT COMMITTED PLAIN ERROR IN AMENDING THE INDICTMENT AFTER DISCHARGE OF THE JURY, TO STATE AND THEREUPON CONVICT APPELLANT OF AN OFFENSE NOT PRESENTED TO THE JURY FOR ITS CONSIDERATION.
Before reaching the merits of appellant's assignment of error, we must first address another issue. On January 17, 2001, six days before oral arguments on this case, appellant filed a pro se "motion for order of dismissal of direct appeal without prejudice." Appellant did not inform his appellate counsel that he had filed the motion to dismiss. Although it is not entirely clear why appellant is seeking to dismiss his appeal, his use of the words "without prejudice" tend to indicate a mistaken belief that he may file another appeal at some later date. That appellant may believe he is permitted to file a subsequent appeal after a dismissal may also be indicated by his claim that he has an "affirmative defense" to the burglary charge. However, even if we were to grant his motion to dismiss, his time for filing a timely appeal has long since expired pursuant to App.R. 4(A). In the interests of justice, we will deny appellant's pro se motion to dismiss and address the merits of his arguments in the present appeal.
Appellant argues in his assignment of error that the trial court erred in amending the indictment after the jury was discharged. Initially, we note that, as appellant recognizes, he failed to object to the trial court's amendment of the indictment. The failure to object to the trial court's amendment of an indictment constitutes a waiver of the issue upon appellate review, absent plain error. State v. Parks (Mar. 7, 1991), Cuyahoga App. No. 57942, unreported; see, also, State v. Williams
(1977), 51 Ohio St.2d 112. To prove plain error, defendant must show that, absent the alleged error, the result of the trial clearly would have been different. State v. Long (1978), 53 Ohio St.2d 91 . For the following reasons, we find that the trial court did not err in amending the indictment.
Crim.R. 7(D) provides that a court may at any time before, during, or after a trial, amend the indictment. However, the amendments are limited to those that do not "change * * * the name or identity of the crime charged." Consistent with Crim.R. 7(D), such a change is not affected by the amendment of a criminal indictment to charge a lesser-included offense of the charged offense. See State v. Burdine-Justice (1998),125 Ohio App.3d 707, 711; State v. Briscoe (1992), 84 Ohio App.3d 569,572.
An offense is a lesser-included offense of another if: (1) the offense carries a lesser penalty than the other offense; (2) the greater offense cannot be committed without committing the lesser offense, as both are statutorily defined; and (3) the greater offense requires proof of an element not required by the lesser offense. See State v. Deem (1988),40 Ohio St.3d 205, paragraph three of the syllabus.
In the present case, a violation of R.C. 2911.12(A)(4) carries a lesser penalty than a violation of R.C. 2911.12(A)(2). A violation of the former is a felony of the fourth degree, while a violation of the latter is a second-degree felony. Next, this court must consider whether committing the greater offense automatically results in the commission of the lesser offense. The elements required to prove a violation of R.C. 2911.12(A)(2) are: (1) a trespass; (2) in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person; (3) when any person other than an accomplice of the offender is present or likely to be present; and (4) with purpose to commit any criminal offense in the habitation. The elements of a violation of R.C. 2911.12(A)(4) are: (1) a trespass; (2) in a permanent or temporary habitation of any person; and (3) when any person other than an accomplice of the offender is present or likely to be present.
A conviction for either a second or fourth-degree burglary requires proof of a trespass, in a permanent or temporary habitation of any person, when any person other than an accomplice of the offender is present or likely to be present. A conviction for the lesser offense of fourth-degree burglary requires proof of no additional elements. Therefore, the commission of second-degree burglary necessarily results in the commission of fourth-degree burglary.
Moreover, a conviction for second-degree burglary additionally requires proof that the trespass occurred in an "occupied structure or in a separately secured or separately occupied portion of an occupied structure" and with "purpose to commit in the habitation any criminal offense." Thus, a conviction for second-degree burglary requires proof of elements that a conviction for fourth-degree burglary does not.
Therefore, a fourth-degree burglary as defined by R.C. 2911.12(A)(4) is a lesser-included offense of burglary under R.C. 2911.12(A)(2). Thus, amendment of the indictment charging second-degree burglary in violation of R.C. 2911.12(A)(2) to the lesser-included offense of fourth-degree burglary in violation of R.C. 2911.12(A)(4) did not, in contravention of Crim.R. 7(D), change the name or identity of the crime charged. Therefore, the trial court did not err in amending the indictment.
We also note that even assuming, arguendo, that the amendment changed the name or identity of the offense charged in the indictment, we find that on several occasions, appellant's counsel specifically consented to the trial court's actions in amending the indictment. While the jury was deliberating, the court informed appellant that because the definition of "occupied structure" was not charged to the jury, "if there is a conviction on the burglary count, it will be an F-4 and not an F-2." Appellant's counsel responded "okay" twice and then specifically responded in the affirmative that he understood. In addition, after the jury was discharged, appellant's counsel again agreed to the amendment of the indictment to a fourth-degree burglary.
Therefore, it appears that appellant did not only fail to object to the amendment of the indictment, but also explicitly acquiesced to the amendment. A criminal complaint may be amended to change the name or the identity of the offense charged when the defendant implicitly consents to the amendment. State v. Mangen (Oct. 15, 1991), Darke App. No. 1282, unreported. Further, a defendant may explicitly agree to an amendment of the indictment during jury deliberations. State v. Harris (June 15, 1994), Greene App. No. 93-CA-66, unreported. Thus, regardless of our finding above, appellant clearly consented to the amendment of the indictment.
Accordingly, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
TYACK and PETREE, JJ., concur.